THIRD DEPARTMENT, FEBRUARY, 2015

(February 5, 2015)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT F. AWER, Appellant. [999 NYS2d 902]—

Appeals, by permission, (1) from an order of the County Court of Broome County (Cawley, J.), entered September 28, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments convicting him of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, without a hearing, and (2) from an order of said court (Smith, J.), entered October 3, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the third degree, without a hearing.

In 1996, defendant was convicted, following his pleas of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and was sentenced to concurrent prison terms in accordance with the plea agreements. Thereafter, in 1999, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to a prison term pursuant to the plea agreement. In 2012, defendant filed two CPL 440.10 motions seeking vacatur of the judgements of conviction on the ground that neither his attorneys nor County Court advised him of the deportation consequences of his plea. The motions were denied without hearings. By permission of this Court, defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record, counsel's brief, defendant's submission and the

Court of Appeals' recent holding in *People v Baret* (23 NY3d 777 [2014], *cert denied* 574 US —, 135 S Ct 961 [Jan. 12, 2015]), we agree. Accordingly, the orders are affirmed and counsel's request for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur. Ordered that the orders are affirmed, and application to be relieved of assignment granted.